NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| Plaintiff, : | |
| : | Criminal Action No. 11-595 (ES) |
| v. : | |
| : | MEMORANDUM |
| NASHAUN ROBERTS, : | |
| : | |
| Defendant. : | |

Before the Court is *pro se* Nashaun Robert's ("Defendant" or "Mr. Roberts") motion to amend a judgment of conviction pursuant to Federal Rule of Criminal Procedure 36. (D.E. No. 22). Rule 36 provides that: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." The Government opposes Defendant's motion. (D.E. No. 24). For the reasons below, the Court DENIES Defendant's motion.

On February 23, 2010, the Essex County Superior Court of New Jersey imposed a sentence on Defendant under Indictment No. 07-06-0061. (*See* 9/17/12 Tr. at 21:8-13; D.E. No. 21).[1]

On September 12, 2011, the Government charged Defendant—by indictment—with one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (D.E. No. 1).

On December 1, 2011, Defendant appeared before the Court for an initial appearance and arraignment. (*See* D.E. Nos. 5 & 9).

---

[1] As recounted during Defendant's federal sentencing hearing, Defendant's state sentence was imposed on February 23, 2010 and he subsequently violated parole on April 11, 2011. (*See* 9/17/12 Tr. at 21:8-13).

On June 7, 2012, Defendant entered a guilty plea before the Court to the single count in the Indictment.  (*See* D.E. Nos. 16-18).

On September 17, 2012, this Court held a sentencing hearing.  During that hearing, the Court sentenced Defendant to 85 months after giving him credit for time served from December 1, 2011 (the initial-appearance date) to September 17, 2012 (the sentencing date).  (*See* 9/17/12 Tr. at 18:19-19:3, 21:4-13, 25:3-5).  Further, Defendant requested that the Court run his federal sentence concurrent to his state sentence.  (*Id.* at 11:1-6).  But both Defendant and his counsel understood that, even if the Court sentences as such, the Federal Bureau of Prisons (the "BOP") has the "final say."  (*Id.*; *see also id.* at 24:17-25:3).  This Court decided to give Defendant a concurrent sentence, but confirmed—on the record—that it doesn't "know what impact that will have with the [BOP]."  (*Id.* at 19:4-10).

The Court's Judgment of Conviction mirrors the Court's ruling on September 17, 2012. In relevant part, it states that: "The [D]efendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 85 Months. The term of imprisonment imposed by this judgment shall run concurrently to the [D]efendant's previously imposed state sentence in Essex County Superior Court, New Jersey, under Indictment No. 07-06-0061."  (D.E. No. 21 at 2).

On February 26, 2013, Defendant was released from state custody to federal custody. (D.E. No. 22 at 2).

In the pending motion, Defendant requests that the Judgment of Conviction be amended to include the following language: "DEFENDANT TO RECEIVE SUCH CREDITS FROM DECEMBER 1, 2011 THROUGH SEPTEMBER 16, 2012, AS A DOWNWARD DEPARTURE

PURSUANT TO 5G1.3(c), (d), (e), ET. AL., AS CREDIT FOR TIME SERVED ON HIS CONCURRENT NEW JERSEY STATE SENTENCE." (D.E. No. 22 at 8).

But as the Government aptly notes (*see* D.E. No. 24 at 3), at no point during the September 17, 2012 sentencing hearing did this Court state that it was granting a "downward departure" of any sort. Rather, the Court ruled that: (1) Defendant's 85-month sentence reflects credit the Court gave him for the time period from his initial appearance on December 1, 2011 to the sentencing hearing on September 17, 2012; and (2) Defendant's federal sentence should run concurrent to his state sentence—but the BOP would have the ultimate say.

And the BOP appears to have decided that Defendant was not entitled to any credit for the time he served in state prison. As noted, the Court made clear during the September 17, 2012 sentencing hearing—and the Defendant and his counsel confirmed as much during the hearing—the BOP would have the ultimate decision-making authority concerning a concurrent state and federal sentence. (*See* 9/17/12 Tr. at 11:1-6).

Accordingly, there is no basis under Rule 36 to correct the Judgment of Conviction. Defendant's motion is therefore denied. An appropriate Order accompanies this Memorandum.

*s/Esther Salas*  
**Esther Salas, U.S.D.J.**